IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

KATHY REAVES,
Plaintiff,

v.

SOUTH CAROLINA LAW ENFORCEMENT DIVISION;
CHARLES MONTY COATS, in his official and individual capacities;
KATHRYN "KATY" CREWS, in her official and individual capacities;
SOUTH CAROLINA STATE BOARD OF EDUCATION;
SOUTH CAROLINA DEPARTMENT OF EDUCATION,
Defendants.

Civil Action No. _____

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

(15 U.S.C. § 1681 et seq.)
JURY TRIAL DEMANDED

Plaintiff Kathy Reaves ("Plaintiff"), proceeding pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff seeks prospective declaratory and injunctive relief against state officials pursuant to *Ex parte Young*, 209 U.S. 123 (1908), to halt ongoing violations of federal law.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## II. PARTIES AND CAPACITY

5. Plaintiff Kathy Reaves is a citizen of the United States and a public educator who sought teacher certification and employment in South Carolina.

6. Defendant South Carolina Law Enforcement Division ("SLED") is a state agency that assembles, maintains, evaluates, and furnishes criminal background information used for employment and licensing decisions. SLED is a "person" under 15 U.S.C. § 1681a(b).

7. SLED is sued for declaratory relief and statutory violations arising from its role in obtaining, furnishing, using, and refusing to disclose Plaintiff's consumer report.

8. Defendant Charles Monty Coats is the Director of SLED–CJIS and is responsible for the administration and enforcement of criminal background check processes.

9. Defendant Coats is sued in his official capacity for prospective declaratory and injunctive relief pursuant to *Ex parte Young* to end ongoing violations of the FCRA, and in his individual capacity for willful and/or negligent violations of federal law.

10. Defendant South Carolina State Board of Education ("SCSBE") is a state agency that uses consumer reports for educator certification and employment eligibility determinations.

11. Defendant South Carolina Department of Education ("SCDE") is a state agency involved in educator certification and employment administration and is a user of consumer reports.

12. Defendant Kathryn "Katy" Crews is an employee of SCSBE who processed and communicated adverse certification actions based on Plaintiff's consumer report.

13. Defendant Crews is sued in her official capacity for prospective declaratory and injunctive relief pursuant to *Ex parte Young*, and in her individual capacity for willful and/or negligent violations of the FCRA.

14. At all relevant times, Defendants Coats and Crews acted under color of state law and had a direct connection to the enforcement of the challenged conduct.

## III. FACTUAL ALLEGATIONS

15. This action concerns only the generation, disclosure, non-disclosure, and use of Plaintiff's consumer report generated on or about August 2, 2021.

16. On or about August 1, 2021, Plaintiff paid IdentoGO in Greenville, South Carolina, for fingerprinting required for teacher certification.

17. The fingerprints were transmitted to SLED, which generated a criminal background report for employment purposes.

18. The background report constitutes a consumer report under 15 U.S.C. § 1681a(d).

19. On or about August 2, 2021, Plaintiff was notified by SCSBE and Defendant Crews that her South Carolina teacher certification was blocked based on the report.

20. Plaintiff was not provided a copy of the consumer report before or after this adverse action.

21. For more than five years, Plaintiff repeatedly requested a complete, unredacted copy of her consumer report.

22. Defendants refused to provide Plaintiff with her consumer report.

23. Plaintiff's certification remains blocked, and Defendants continue to rely on the undisclosed report, constituting an ongoing violation of federal law.

24. Plaintiff did not authorize disclosure of her consumer report to private attorneys or third parties.

---

## IV. SOVEREIGN IMMUNITY AND *EX PARTE YOUNG*

25. Plaintiff alleges ongoing violations of the FCRA, not merely past misconduct.

26. Plaintiff seeks prospective declaratory and injunctive relief only against Defendants Coats and Crews in their official capacities.

27. Plaintiff does not seek retroactive monetary relief from the state treasury.

28. Defendants Coats and Crews have a direct enforcement connection to the continued withholding and use of Plaintiff's consumer report.

29. Accordingly, this action falls squarely within the *Ex parte Young* exception to Eleventh Amendment immunity.

## V. CAUSES OF ACTION

**(Fair Credit Reporting Act)**

**COUNT I – 15 U.S.C. § 1681b(b)(3)(A)**

(Failure to Provide Pre-Adverse Action Disclosure)

30. Plaintiff realleges paragraphs 1–29.

31. Defendants took adverse action based on a consumer report without providing required disclosures.

**COUNT II – 15 U.S.C. § 1681m(a)**

(Failure to Provide Adverse Action Notice)

32. Plaintiff realleges paragraphs 1–29.

33. Defendants failed to provide a compliant adverse action notice.

**COUNT III – 15 U.S.C. § 1681g(a)**

(Failure to Disclose Consumer Report Upon Request)
*Pled in the Alternative*

34. Plaintiff realleges paragraphs 1–29.

35. Primary theory: SLED qualifies as a consumer reporting agency and failed to disclose Plaintiff's report.

36. Alternative theory: Defendants are liable as users of the consumer report.

37. Defendants' refusal constitutes a continuing violation.

## COUNT IV – 15 U.S.C. § 1681b(f)

(Unauthorized Disclosure and Use)

38. Plaintiff realleges paragraphs 1–29.

39. Defendants disclosed Plaintiff's consumer report without authorization or permissible purpose.

## COUNT V – Willful Noncompliance

(15 U.S.C. § 1681n)

40. Plaintiff realleges paragraphs 1–39.

## COUNT VI – Negligent Noncompliance

(15 U.S.C. § 1681o)

41. Plaintiff realleges paragraphs 1–39.

**FRIVOLOUS FILER DEFENSE STATEMENT**

Plaintiff respectfully submits this statement in response to any potential argument or assertion that her filings are frivolous, repetitive, or constitute vexatious litigation.

---

## I. LEGAL STANDARD

1. Federal courts may restrict filings by parties deemed "frivolous" or "vexatious" only under strict procedural safeguards, including notice and an opportunity to respond.

2. The legal framework includes:
   - 28 U.S.C. § 1651(a) (All Writs Act): Courts may issue orders to prevent abuse of judicial process.
   - 28 U.S.C. § 1927: Attorneys (and by analogy, litigants acting pro se in bad faith) may be sanctioned for multiplying proceedings without justification.

3. The Fourth Circuit has consistently held:
   - In re Martin-Trigona, 737 F.2d 1254, 1261 (4th Cir. 1984): Pre-filing restrictions may only be imposed after a clear finding of repetitious, meritless filings.
   - Carter v. Baker, 41 F.3d 1137, 1142 (4th Cir. 1994): No litigant may be barred or labeled frivolous without due process, including notice and opportunity to respond.

4. A filing is considered frivolous if it is:
   - Factually baseless, with no evidence supporting the claims;
   - Without arguable legal merit; or
   - Filed solely to harass or delay the opposing party.

## II. APPLICATION TO PLAINTIFF'S FILINGS

1. Plaintiff's filings are legally and factually justified:

   - Each filing asserts valid federal statutory claims, including under the FCRA (15 U.S.C. §§ 1681b, 1681m), Privacy Act, and FOIA.

   - Plaintiff has documented repeated violations by Defendants, including refusal to provide consumer reports, improper adverse action notices, and ongoing denial of her SC teacher certification.

2. Plaintiff's filings do not constitute harassment or duplication:

   - Each filing addresses continuing violations, evolving factual circumstances, or procedural errors.

   - Plaintiff has responded to rulings, R&Rs, and motions to dismiss, exercising her statutory and constitutional rights to challenge adverse decisions.

3. The Fourth Circuit recognizes that repeated filings arising from ongoing violations are not automatically frivolous:

   - Plaintiff's claims are timely, well-documented, and address continuing statutory non-compliance by the Defendants.

   - Any attempt to designate Plaintiff a frivolous filer would violate Fourth Circuit precedent requiring due process and actual evidence of bad faith or meritlessness.

---

## III. CONCLUSION

For these reasons:

- Plaintiff's filings are valid, non-frivolous, and supported by law and evidence;

- No court has provided any determination that Plaintiff's filings are meritless, duplicative, or harassing;

- Any argument asserting that Plaintiff is a frivolous filer is legally unfounded and contrary to the Fourth Circuit's requirement of due process before imposing any pre-filing or filing-restriction orders.

## VI. DAMAGES

42. Plaintiff has suffered economic loss, emotional distress, and ongoing employment harm.

---

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaratory judgment that Defendants violated the FCRA;
B. Prospective injunctive relief ordering Defendants Coats and Crews to provide Plaintiff a complete, unredacted copy of her consumer report;
C. Injunctive relief prohibiting continued reliance on the report absent FCRA compliance;
D. Statutory, actual, and punitive damages as permitted by law;
E. Costs and fees;
F. Such other relief as the Court deems just.

---

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*Kathy Reaves* (signature)