IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kathy Reaves, | ) | CASE NO.: 3:26-cv-00899-JD-TER |
| a/k/a Kathy Juanita Reaves, #50632, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM ORDER AND |
| | ) | OPINION |
| South Carolina Law Enforcement | ) | |
| Division, Charles Monty Coats, | ) | |
| Kathryn Crews, South Carolina State | ) | |
| Board of Education, South Carolina | ) | |
| Department of Education, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with

28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South

Carolina.[1] (DE 14.) The Report recommends that Plaintiff Kathy Reaves be denied

leave to file this action and that this action be dismissed with prejudice because

Plaintiff failed to comply with this Court's prefiling injunction. (Id.) Also before the

Court are Plaintiff's Motion for De Novo Review, to Vacate Magistrate Report and

Recommendation, and Leave to Amend Complaint (DE 16), objections to the Report

(DE 17; DE 19), and related filings.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. See Mathews v. Weber,
423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I.     BACKGROUND

Plaintiff Kathy Reaves, proceeding pro se, filed this civil action against the South Carolina Law Enforcement Division ("SLED"), Charles Monty Coats, Kathryn Crews, the South Carolina State Board of Education, and the South Carolina Department of Education. (DE 1.) Plaintiff purports to bring claims under the Fair Credit Reporting Act ("FCRA") arising from Defendants' alleged use or dissemination of consumer-report or criminal-background information in connection with educator certification and employment eligibility. (Id.) Plaintiff also filed a motion to proceed in forma pauperis, objections to reports and motions that had not yet been issued or filed in this case, motions for recusal, and a motion for preliminary injunction. (DE 2; DE 5; DE 6; DE 7; DE 8; DE 9; DE 10; DE 11.)

On January 25, 2024, this Court entered a prefiling injunction against Plaintiff in Reaves v. Washington et al, No. 4:23-cv-03847-JD. The injunction requires Plaintiff to pay the filing fee in full or obtain counsel before filing new actions related to "any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment." The injunction also requires Plaintiff to accompany any newly filed complaint within that subject matter with a motion for leave to file, a copy of the injunction order, a statement that the claims or relief sought are unrelated to the prohibited subject matter, a short and plain statement setting forth a valid basis for the claims or relief sought, and a statement identifying whether the claims or relief have been raised before and, if so, where and how they were resolved.

## II.    REPORT AND RECOMMENDATION

On March 10, 2026, the Magistrate Judge issued the Report recommending that Plaintiff be denied leave to file this action and that the action be dismissed with prejudice. (DE 14.) The Report found that this action falls within the prefiling injunction because Plaintiff alleges FCRA claims based on the alleged use of consumer reports or criminal-background information for educator certification and employment eligibility, repeats allegations concerning August 2021 and Plaintiff's teacher-certification application being blocked based on a report, and concerns alleged effects on Plaintiff's credit report and employment within the subject matter covered by the injunction. (Id.) The Report further found that Plaintiff did not comply with the prefiling injunction's requirements. (Id.)

The Report also noted that Plaintiff filed several frivolous documents with the Complaint, including objections to reports that did not yet exist and memoranda opposing defense motions that had not been filed. (Id.) The Report recommended that all pending motions be rendered moot, including Plaintiff's motion for leave to proceed in forma pauperis because the prefiling injunction required Plaintiff either to pay the filing fee in full or obtain counsel before filing a covered action. (Id.)

Plaintiff filed a motion for de novo review and leave to amend, objections to the Report, and supporting materials. (DE 16; DE 17; DE 19.) In those post-Report filings, Plaintiff more expressly allegations related to the Georgia warrant, the 2021 South Carolina arrest, CE-0140412, FCRA, RICO, and alleged fraud on the court.

## III.    LEGAL STANDARD

3

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

Because Plaintiff proceeds pro se, her filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction, however, does not permit the Court to disregard a valid prefiling injunction, excuse noncompliance with Court orders, or rewrite Plaintiff's filings to avoid applicable filing restrictions. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). After reviewing the Report, Plaintiff's objections and motions, the proposed amended complaint, and the record, the Court adopts the Report.

4

The dispositive issue is Plaintiff's failure to comply with the prefiling injunction. The injunction applies to new actions related to the Georgia warrant, the 2021 South Carolina arrest in Marlboro County, and alleged effects on Plaintiff's credit report and employment. This case falls within that subject matter. Plaintiff's Complaint invokes the FCRA and alleges that Defendants used consumer reports or criminal-background information in connection with educator certification and employment eligibility. (DE 1.) Plaintiff's objections and proposed amended complaint confirm the same connection. Plaintiff again argues that she was arrested in South Carolina on November 19, 2021, without a valid Georgia warrant; that Defendants misrepresented the existence of a warrant; that CE-0140412 was allegedly falsified or used after the fact; that SLED/CJIS disseminated false criminal-background information; that Plaintiff suffered harm to employment, credit, certification, and reputation; and that she should be permitted to pursue FCRA, RICO, malicious-prosecution, and Fourth Amendment theories. (DE 16; DE 17; DE 19.)

Those allegations do not avoid the prefiling injunction. They establish that this action is related to the very subject matter covered by the injunction. The injunction required Plaintiff, before filing a covered action, to pay the filing fee in full or obtain counsel and to submit a motion for leave to file with specified supporting materials. Plaintiff did not comply with those requirements. She did not file the required motion for leave and supporting materials, including a copy of the injunction order, a statement showing that the claims are unrelated to the prohibited subject matter,

and a statement identifying whether the claims or relief had been raised before and the disposition of those claims. Because Plaintiff did not comply with the prefiling injunction, leave to file this action is denied.

Plaintiff's objections do not identify any error in the Report's prefiling-injunction analysis. Instead, Plaintiff reasserts that no valid Georgia warrant existed, that CE-0140412 was fabricated or altered, that Defendants committed fraud on the court, and that the 2021 arrest was unlawful. (DE 17; DE 19.) These objections do not undermine the Report. The Report did not recommend dismissal because it found that the Georgia warrant was valid, that CE-0140412 was authentic, or that Plaintiff's arrest was lawful. The Report recommended denial of leave to file because Plaintiff filed a covered action without complying with the prefiling injunction. Plaintiff's renewed warrant, FCRA, fraud, and arrest-related allegations reinforce the Report's conclusion that the action falls within the injunction.

Plaintiff's request for leave to amend is also denied. (DE 16.) The proposed amended complaint expressly alleges claims for fraud on the court, illegal interstate arrest, FCRA violations, civil RICO, and malicious prosecution based on the alleged Georgia warrant, CE-0140412, the 2021 South Carolina arrest, dissemination of criminal-background information through SLED/CJIS, and resulting harm to Plaintiff's employment, reputation, and finances. (DE 16-2.) Amendment would, therefore, not cure the defect identified in the Report. Rather, the proposed amendment confirms that Plaintiff seeks to litigate claims within the prefiling

injunction's scope without complying with that injunction. The amendment would be futile.

Plaintiff's objection to the Magistrate Judge's involvement is overruled. Plaintiff filed a notice declining to proceed before a Magistrate Judge and argues that she is entitled to de novo review by the District Judge. (DE 4; DE 17; DE 19.) The Magistrate Judge issued a report and recommendation under 28 U.S.C. § 636(b)(1), and this Court conducts the final review and enters the final order. Consent under 28 U.S.C. § 636(c) is not required for a magistrate judge to issue pretrial recommendations in a referred pro se case.

Plaintiff's recusal, reassignment, venue, and division-assignment objections and motions are also denied. Plaintiff has not shown an extrajudicial source of bias or any circumstance requiring recusal or reassignment. Prior adverse rulings, prior judicial involvement, and disagreement with filing restrictions or referral procedures do not establish bias. Nor has Plaintiff shown that venue or division assignment provides a basis to disregard the pre-filing injunction or to permit this action to proceed without compliance.

Finally, Plaintiff's motion for preliminary injunction and motion to proceed in forma pauperis are denied as moot. (DE 2; DE 11.) The pre-filing injunction required Plaintiff either to pay the filing fee in full or to obtain counsel before filing a covered action. Because Plaintiff did not comply with the injunction and leave to file is denied, no pending motion provides a basis for this case to proceed.

Having conducted the required review, the Court finds no error in the Report's conclusion that this action falls within the pre-filing injunction and that Plaintiff failed to comply with that injunction.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's motions and proposed amended complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections and motions are without merit and that the Magistrate Judge correctly recommended denial of leave to file and dismissal with prejudice.

Accordingly, the Court OVERRULES Plaintiff's objections (DE 17; DE 19), ADOPTS the Report and Recommendation (DE 14), and incorporates it by reference. Plaintiff's Motion for De Novo Review, to Vacate Magistrate Report and Recommendation, and Leave to Amend Complaint (DE 16) is DENIED. Plaintiff is DENIED LEAVE TO FILE this action, and this action is DISMISSED WITH PREJUDICE. Plaintiff's pending motions (DE 2; DE 9; DE 10; DE 11) are DENIED AS MOOT.

IT IS SO ORDERED.

Florence, South Carolina
June 8, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.